IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL TACKETT,                         )     Case No. 1:20-cv-332 Erie
                                         )
              Petitioner                 )
                                         )     W. SCOTT HARDY
      v.                                 )     UNITED STATES DISTRICT JUDGE
                                         )
BARRY SMITH,                             )     RICHARD A. LANZILLO
                                         )     UNITED STATES MAGISTRATE JUDGE
              Respondent                 )
                                         )     ORDER ON RESPONDENT'S MOTION
                                         )     TO DISMISS
                                         )


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.       Recommendation

         It is respectfully recommended that Respondents' Motion to Dismiss [ECF No. 11] be

granted.


II.      Report

         A.  Background

         Petitioner Michael Tackett, an inmate incarcerated at the State Correctional Institution at

Houtzdale (SCI-Houtzdale), initiated this action on November 20, 2020, by filing a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  ECF No. 3.  Petitioner is challenging the

judgment of sentence imposed upon him by the Court of Common Pleas of Crawford County in

CP-20-CR-571-2010, following his conviction at trial on two counts of rape, two counts of

involuntary deviate sexual intercourse, two counts of sexual assault, and one count of terroristic

threats. *Id.* at 1; *see also* ECF Nos. 11-5 and 11-6.  Construed liberally, Petitioner appears to raise the following four grounds for relief:

1. Ineffective assistance of counsel (IAC) and prosecutorial misconduct based upon the fact that "trial judges and prosecutors have a direct pecuniary interest" in prosecutions and counsel's failure to inform him that the trial court lacked "Tenth Amendment Jurisdiction"

2. IAC based on trial counsel's failure to argue that the trial court lacked jurisdiction over Petitioner, "particularly where Respondents provide no *Apprendi* Jury Sentencing, 6th + 14th Amendment Protections"

3. Petitioner's sentence violated *Apprendi*

4. Petitioner's due process and equal protection rights were violated because he was deprived of grand jury proceedings and a trial by an impartial jury of his peers

ECF No. 3 at 1.  Petitioner does not offer any supporting facts, legal argument, or specific details concerning any of these claims.  *Id.*

On March 12, 2021, Respondents filed the instant motion to dismiss in lieu of an answer. ECF No. 11.  Respondents raise two defenses: that the petition is untimely, and that each of the four grounds for relief raised in the amended petition has been procedurally defaulted.  *Id.* Petitioner filed a response to the motion to dismiss on July 2, 2021.  ECF No. 17.  This matter is ripe for adjudication.[1]

B.  Analysis

Respondents first contend that the amended petition is untimely under AEDPA, which generally requires a state prisoner to file a federal habeas petition within one year after his or her conviction becomes final.  28 U.S.C. § 2244(d); *Thompson v. Adm'r N.J. State Prison*, 701 Fed. Appx. 118, 121 (3d Cir. 2017).  A state-court criminal judgment becomes "final" within the

---

[1] This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A). However, the filing of a post-conviction relief petition may statutorily toll (i.e., suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.*

Turning first to the "trigger date," the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence on June 11, 2012, and the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on July 2, 2013. ECF Nos. 11-12, 11-13. The one-year AEDPA clock began to run the next day. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); 28 U.S.C. § 2244(d)(1)(A).

On July 28, 2014, Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C. S. A. § 9545, et seq. ("PCRA petition"). As of that date, 339 days of the

AEDPA clock had expired.  As noted above, Section 2244(d)(2) provides that the one-year

limitations period is tolled during the pendency of a "properly filed" state post-conviction

proceeding.  Because Petitioner's PCRA petition was "properly filed," the statute of limitations

was tolled until March 23, 2016, when the Pennsylvania Supreme Court denied Petitioner's

Petition for Allowance of Appeal.  ECF No. 11-21.  At that point, Petitioner had 26 days

remaining (365 days – 339 days = 26 days) in which to file a timely habeas petition, or until

approximately April 18, 2016.  His petition, filed on November 20, 2020, missed that mark by

over four years.

Before dismissing the petition as untimely, the Court must consider whether AEDPA's

statute of limitations should be equitably tolled.  *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d

Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*,

145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)).  To receive the benefit of equitable

tolling, Petitioner must demonstrate that he: (1) pursued his rights diligently, and (2)

extraordinary circumstances prevented him from filing a timely petition.  *Holland*, 560 U.S. at

649.  Petitioner bears a "strong burden to show specific facts" supporting equitable tolling.  *Yang*

*v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304,

1307 (11th Cir. 2008)).

Petitioner has made no attempt to meet this burden.  He has not offered any explanation

for the delays that resulted in the untimeliness of his § 2254 petition or suggested that he "was

prevented from managing his affairs or understanding his appeal rights."  *United States v.*

*Johnson*, 743 Fed. Appx 153, 159 (3d Cir. 2018) (*cert. denied* 139 S. Ct. 471 (2018)).  Nor has

he described any steps he took to diligently pursue his federal claims or established that

extraordinary circumstances prevented him from filing.  The lone argument raised in his reply

brief with respect to timeliness appears to be that AEDPA's statutory time-bar is unconstitutional because "§ 2244(d)(1)'s one-year statute of limitations – which is not prescribed by the Suspension Clause nor adopted expressly by the latest amendments (2004?) of the specialized Habeas Corpus Rules governing § 2254 habeas applications – is a key '<u>new</u> restriction' and '<u>additional</u> condition' . . . not tolerated by the historic role of habeas, the Suspension Clause, or the Rule Writers, or the Supreme Court." *See*, *generally*, ECF No. 17 at 3-11.  This argument is plainly frivolous.  *See*, *e.g.*, *Henry v. Smith*, 2017 WL 2963000, at *3 (E.D. Pa. Feb. 28, 2017) ("Courts in this District that have considered challenges to the AEDPA's one-year limitation have held the limitation is constitutional because the imposition of a one-year limit does not unduly burden the right to petition for habeas corpus"); *Pittman v. Clinton*, 2015 WL 6406793, at *3 (M.D. Pa. Oct. 21, 2015) ("[S]ince its inception in 1996 federal courts across the country including our own Third Circuit Court of Appeals have continuously applied the provisions of the AEDPA"); *Thompson v. Southers*, 2012 WL 5269261, at *2 (E.D. Pa. Oct. 25, 2012) (noting that every court of appeals presented with the question has "uniformly rejected" the argument that AEDPA's one-year limitation violates the Suspension Clause) (collecting cases).

In short, Petitioner has failed to present any specific facts supporting the application of equitable tolling.  As a result, federal review of each of the four grounds raised in Petitioner's § 2254 petition is barred by AEDPA's one-year statute of limitations.  Moreover, because Respondents' timeliness defense is clearly dispositive, the Court need not consider whether Petitioner's claims are also procedurally defaulted.

III.     Conclusion

For the reasons stated herein, it is respectfully recommended that Respondents' motion to dismiss [ECF No. 11] be GRANTED.

IV.     Certificate of Appealability

AEDPA provides that "an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason would not find it debatable that Petitioner's claims are untimely, the Court should not issue a certificate of appealability.

V.     Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond

thereto.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

RICHARD A. LANZILLO
United States Magistrate Judge

Dated:  October 12, 2021